IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WILLIAM N. LUCY,              )
                              )
     Plaintiff,               )
                              )      CIVIL ACTION NO.
     v.                       )        2:19cv498-MHT
                              )             (WO)
TAHIR SIDDIQ, Dr., et al.,    )
                              )
     Defendants.              )
```

## ORDER

Upon review of the record in this case, the court noticed that the defendants take the position that the plaintiff could not keep his previously prescribed pain medication--Naproxen 500 mg--on his person at Bullock Correctional Facility because it is a controlled substance.

In his affidavit, defendant Tahir Siddiq, M.D., attests:

> "The Alabama Department of Corrections' policy at the Bullock Correctional Facility is that inmates are not allowed to have controlled substance medications on their person (KOP). Naproxen is a controlled substance. Therefore, pursuant to ADOC policy, Mr. Lucy would not

>  have been able to keep his prescribed Naproxen on person."

Affidavit of Tahir Siddiq, M.D. (Doc. 37-1) at 4.*

Similarly, in her affidavit, defendant Treasa Hakel, R.N., the Director of Nursing at Bullock, attested:

>  "Each correctional facility in the state of Alabama has policies and procedures with regard to medications that inmates can keep on their person (KOP).
>  ...
>  "The Alabama Department of Corrections prohibits controlled substances from being kept on persons by the inmates at Bullock. Bullock has a large mental health population and therefore the Department of Corrections prohibits controlled substances being kept on person by the inmates in general population within the facility."

Affidavit of Treasa Hakel, RN (Doc. 32-1) at 3-4. Attached to Hakel's affidavit is a copy of the "disqualification list for keep on person self medications at the Bullock Correctional Facility." *Id*. at 5. The list references "controlled substances" but

---

      * The page numbers cited by the court are those added to the documents by the ECF system, not the page numbers appearing in the original documents.

does not enumerate any specific controlled substances that inmates are prohibited from keeping on their persons, and nowhere does it reference Naproxen. *See* Disqualification List (Doc. 32-1) at 30. Also attached to the affidavit is a document called the Restricted KOP Medication List, which lists several categories of medications and names specific medications that are not eligible for the Alabama Department of Corrections' Keep on Person Self Medication Program for inmates. *See* Restricted KOP Medication List (Doc. 32-1) at 31. It mentions the category of "Controlled Substances," but does not list Naproxen. *Id*. In an apparent effort to explain why the plaintiff did not receive the Naproxen he was allowed to keep on his person at and brought with him from another prison, Hakel stated: "Number 8 on the disqualification list lists controlled substances which would have been the Naproxen referenced by Mr. Lucy in his Amended Complaint." Hakel Affidavit (Doc. 32-1) at 5; *see also*

3

Disqualification List (Doc. 32-1) at 30.  And defense counsel takes this same position in a brief.  *See Defendants' Response to Plaintiff's Amended Complaint Filed on September 30, 2019* (Doc. 32) at 2.

The problem with these statements is that, as far as the court can tell, Naproxen is not a controlled substance under federal law.  *See Naproxen 500 (Naproxen 500 mg)*, Drugs.com, https://www.drugs.com/imprints/naproxen-500-4931.html (accessed July 19, 2022); *Naproxen (Aleve, Naprosyn)*, GoodRx, https://www.goodrx.com/naproxen/what-is (accessed July 19, 2022).  Naproxen is a nonsteroidal anti-inflammatory drug (NSAID), not a narcotic.  *Id*.  And while it is available in prescription strength, that does not make it a "controlled substance," a phrase which has a very specific meaning.  As medical professionals, Dr. Siddiq and Nurse Hakel presumably were and are aware of what is and what is not controlled substance.  Therefore, the court requires an

explanation as to why they have sworn that Naproxen is one.

***

Accordingly, it is ORDERED that, by July 27, 2022, attorney Philip Piggott, defendant Tahir Siddiq, and defendant Treasa Hakel shall each submit a sworn affidavit or declaration explaining why they stated that the plaintiff was denied the ability to keep Naproxen on his person because it is a controlled substance.

DONE, this the 20th day of July, 2022.

                                            /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE