IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM N. LUCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv498-MHT |
| | ) | (WO) |
| TAHIR SIDDIQ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Pursuant to 42 U.S.C. § 1983 and Alabama law,
plaintiff, a state inmate, filed this lawsuit
contending, *inter alia*, that, when he was transferred
to Bullock Correctional Facility from another prison,
the pain medications he had previously been allowed to
keep on his person were confiscated; that he was made
to pay a copay to see a medical provider repeatedly in
order to obtain the pain medication he previously
received without having to do so; that the defendants
conspired with each other to keep his pain medication
from him and to defraud him by charging him copays;

that the defendants were deliberately indifferent to his serious medical need for pain medication and other treatment; and that they inflicted emotional distress on him and committed malpractice. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that (a) defendants' motions for summary judgment be granted as to plaintiffs' federal claims, (b) the court decline to exercise jurisdiction over his state-law claims, and (c) the state-law claims be dismissed without prejudice. Also before the court are plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted as to the result, but for somewhat different reasons.

First, the court declines to adopt the recommendation to the extent it makes affirmative findings that plaintiff's medical care was at all

relevant times delivered in a timely and appropriate
manner and that medical care was never denied or
delayed. Such findings go beyond the question the
court must answer on summary judgment--whether the
plaintiff has submitted enough evidence to show a
genuine dispute of material fact. Furthermore, the
court does not necessarily agree that the record is
sufficient to reach those findings.

Second, the court declines to adopt the
recommendation to the extent it relies on the
"self-serving" nature of plaintiff's sworn statements.
"An affidavit cannot be conclusory, ..., but nothing in
Rule 56 (or, for that matter, in the Federal Rules of
Civil Procedure) prohibits an affidavit from being
self-serving." *United States v. Stein*, 881 F.3d 853,
857 (11th Cir. 2018) (citations omitted). "[A]
litigant's self-serving statements based on personal
knowledge or observation can defeat summary judgment."
*Id*.

Finally, while this assertion does not change the outcome of the motions for summary judgment, to the extent the recommendation accepts the assertion made by two of the defendants in their affidavits that Naproxen 500 mg is a "controlled substance"--which is not true under federal law or under the commonly used definition of that phrase--the court does not adopt or rely upon it.*

---

\* The relevant defendants and defense counsel have since submitted affidavits attesting that, by using the term "controlled substance," they did not mean to suggest that Naproxen 500 mg is a controlled substance under federal law, but instead that the prisoners were not allowed to keep the medications on their person. *See* Supplemental Affidavit of Tahir Siddiq, M.D. (Doc. 78-1); Supplemental Affidavit of Philip Piggott (Doc. 78-2); Supplemental Affidavit of Treasa Krauel (Hakel) (Doc. 80-1). The court finds it surprising, to say the least, that licensed medical personnel would use the phrase "controlled substance" so loosely, given that they are subject to stringent regulations related to the provision of federally regulated controlled substances and surely know how the phrase is typically defined.

Defense counsel is warned to be more careful in his and his client's use of such terminology in future

An appropriate judgment will be entered.

DONE, this the 29th day of June, 2022.

                         /s/ Myron H. Thompson
                  UNITED STATES DISTRICT JUDGE

---

litigation, and to ensure that his clients carefully review any affidavits before signing them.