**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **WILLIAM N. LUCY,** ) | |
|    ) | |
|    **Plaintiff,** ) | |
|    ) | **CIVIL ACTION NO.** |
|    **v.** ) | **2:19cv498-MHT** |
|    ) | **(WO)** |
| **TAHIR SIDDIQ, et al.,** ) | |
|    ) | |
|    **Defendants.** ) | |

**OPINION AND ORDER**

Previously, the United States Magistrate Judge recommended that defendants' motions for summary judgment be granted as to plaintiff's federal claims, that the court decline to exercise jurisdiction over his state claims, and that the state claims be dismissed without prejudice. The court then entered a final judgment that overruled objections made by plaintiff to the recommendation, and that adopted the magistrate judge's recommendation for the disposition of the case--though the court expressly did not agree with or rely on some of the magistrate judge's underlying findings.

Now before the court is plaintiff's motion to set aside the final judgment in this case under Fed. R. Civ. P. 60(b)(1).  The motion will be denied.

I.

Plaintiff argues in his Rule 60(b)(1) motion that the court's judgment was not based on the recommendation of the magistrate judge but on a new issue raised by the court to which he was not given an opportunity to respond or enter a rebuttal.  The issue of concern arises from an order the court entered after the magistrate judge's recommendation and before the final judgment, directing two defendants and their counsel to submit sworn affidavits or declarations explaining why they stated plaintiff was denied the ability to keep Naproxen on his person because it is a "controlled

substance."* Plaintiff maintains that the court's reprimanding defendants over their use of the term "controlled substance" to justify withholding or severely limiting his dosage of this medication, and then granting their summary-judgment motion without allowing him an opportunity to file a response, amounts to fundamental error requiring that the final judgment be set aside. Plaintiff also contends the final judgment should be set aside because the court failed to address or decide all issues presented.

II.

"Federal Rule of Civil Procedure 60(b) permits a party

---

\* In the order, the court observed that in an apparent effort to explain their decision to disallow plaintiff from receiving Naproxen as a keep-on-person (KOP) medication, the two defendants, and defense counsel in his brief, stated that Naproxen is a controlled substance and thus a medication disqualified from being KOP. *See* Order (Doc. 76) at 3-4.  The court observed in the order, however, that under federal law, Naproxen is not a narcotic but a nonsteroidal anti-inflammatory drug (NSAID) and that plaintiff had been allowed to keep Naproxen on his person at his previous prison. *See Naproxen 500 (Naproxen 500 mg)*, Drugs.com, https://www.drugs.com/imprints/naproxen-500-4931.html; *Naproxen (Aleve, Naprosyn)*, GoodRX, https://www.goodrx.com/naproxen/what-is. .

3

to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (quotation marks and citation omitted).  There are several provisions under Rule 60(b).  Under subpart (b)(1), "the court may relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." *See Parks v. U. S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982) (explaining that Rule 60(b)(1) encompasses mistakes in the application of the law and the mistakes of judges).  Subparts (b)(2) through (b)(5) provide additional reasons for reopening a judgment.  Last, operating as a catchall provision, subpart (b)(6) authorizes relief from judgment based on "any other reason that justifies relief."  Relief under subpart (b)(6) is available only when subparts (b)(1) through (b)(5) are inapplicable.  *See Kemp*, 142 S. Ct. at 1861 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)); *Klapprott v. United States*, 335 U.S.

4

601, 613 (1949) (finding that a party may not seek relief under the catchall provision of Rule 60(b)(6) if the conduct, in fact, falls under Rule 60(b)(1)); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (explaining that Rule 60(b)(1) and (b)(6) are mutually exclusive and "[t]herefore a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)") (internal quotation marks omitted).

### III.

Citing *Kemp*, plaintiff asserts Rule 60(b)(1) allows a court to correct its own legal error. He alleges the court committed legal error when it entered a judgment subsequent to the order chastising defendants for their use of an improper term but before the plaintiff had an opportunity to respond to defendants' explanation. This mistake, plaintiff contends, entitles him to relief under Rule 60(b)(1).

Plaintiff's assertion of mistake entitles him to no

relief under Rule 60(b)(1) because it does not allege any error of law in the court's judgment. *See Kemp*, 142 S. Ct. 1856 (explaining "that a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)."). Rather, review of plaintiff's Rule 60(b) motion reflects he misunderstood the court's reaction in its final judgment to the defendants' explanation. As the court explained in the opinion that accompanied its final judgment,

> "[W]hile this assertion does not change the outcome of the motions for summary judgment, to the extent the recommendation accepts the assertion made by two of the defendants in their affidavits that Naproxen 500 mg is a 'controlled substance'--which is not true under federal law or under the commonly used definition of that phrase--the court does not adopt or rely upon it."

Opinion (Doc. 82) at 4. Therefore, the defendants' explanation did not affect or alter the basis for the court's resolution of the issues, or the court's ultimate determination that defendants were entitled to summary judgment on plaintiff's claims of deliberate indifference, including his assertion of denial or delay of prescribed medication.

6

Moreover, plaintiff essentially seeks to have the court revisit issues already decided. His Rule 60(b) motion does not warrant this. The record shows plaintiff had a full and fair opportunity to litigate his claims. *See Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) (holding that "the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."). In addition, the court finds plaintiff's assertion that the court erred by entering judgment without addressing or deciding all of the claims presented is not only unsupported by the record but also reflects no more than his disagreement with the judgment, which is not a basis for relief under Fed. R. Civ. P. 60(b). *See Donovan v. Sovereign Sec., Ltd.,* 726 F.2d 55, 60 (2d Cir. 1984) (holding that "[a party] may not use proceedings seeking relief from or modification of a judgment under F.R. Civ. P. 60 simply to relitigate matters settled by the original judgment.").

Finally, now that plaintiff has responded to defendants' explanation regarding their use of the term "controlled substance," the court still remains convinced that defendants were entitled to summary judgment.

***

Accordingly, it is ORDERED that plaintiff's motion to set aside judgment under Fed. R. Civ. P. 60(b)(1) (Doc. 85) is denied.

DONE, this the 6th day of March, 2023.

                                             /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**